REILLY, MCDEVITT & HENRICH, P.C.
The Widener Building
One South Penn Square, Ste. 410
Philadelphia, PA 19107
*Attorneys for Foster Wheeler Energy Corporation*

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| RITA WRIGHT and GERALD WRIGHT, h/w, <br><br> Plaintiffs, <br><br> vs. <br><br> ABB, INC. <br> Corporation Service Company <br> 600 N. 2nd Street, Suite 401 <br> Harrisburg, PA 17101 <br><br> AIR & LIQUID SYSTEMS CORPORATION <br> Corporation Service Company <br> 2595 Interstate Drive, Suite 103 <br> Harrisburg, PA 17110 <br><br> CARRIER CORPORATION <br> CT Corporation Systems <br> 600 N. 2nd Street, Suite 401 <br> Harrisburg, PA 17101 <br><br> CBS CORPORATION, f/k/a VIACOM INC., <br> successor by merger to CNS CORPORATION, <br> f/k/a WESTINGHOUSE ELECTRIC <br> CORPORATION; <br> Asbestos Litigation Support Manager <br> Eckert Seamans Cherin & Mellot, LLC <br> Case Management & Technology Center USX Towers <br> 600 Grant Street <br> Pittsburgh, PA 15219 <br><br> COOPER CROUSE-HINDS <br> 500 North 7th Street <br> Syracuse, NY 13221 | Civil Action No. |

CLEAVER BROOKS COMPANY, INC.
Corporation Service Company
2595 Interstate Drive, Suite 103
Harrisburg, PA 17110

CRANE CO.
CT Corporation Systems
600 N. 2nd Street, Suite 401
Harrisburg, PA 17101

EATON CORPORATION, Individually and as
successor in interest to CUTLER-HAMMER,
INC.
CT Corporation Systems
600 N. 2nd Street, Suite 401
Harrisburg, PA 17101

FOSTER WHEELER ENERGY
CORPORATION
Perryville Corporate Park
Hampton NJ 08827

GENERAL ELECTRIC COMPANY
75 Sam Fonzo Drive
Beverly, MA 01915

GOULD ELECTRONICS, INC.
CT Corporation Systems
4400 Easton Commons Way
Columbus, OH 43219

GOULDS PUMPS, INC.
240 Falls St.
Seneca Falls, NY 13147

GRINNELL LLC
CT Corporation Systems
28 Liberty Street, 42nd Floor
New York, NJ 10005

HAJOCA CORPORATION
Corporation Service Company
80 State Street
Albany, NY 12207

HONEYWELL INTERNATIONAL INC.,
Successor-in-Interest to ALLIED SIGNAL, INC.
and BENDIX CORPORATION;\
2595 Interstate Drive #103
Harrisburg, PA 17110

HOWDEN NORTH AMERICA, INC.
as Successor In Interest Buffalo Forge Company
CT Corporation System
2 Office Park Court, Suite 103
Columbia, SC 29223

IMO INDUSTRIES, INC.
The Corporation Trust Company
1209 North Orange Street
Wilmington, DE 19801

ITT CORPORATION, Successor-in-Interest to
Bell & Gossett and Kennedy Valves
CT Corporation System
28 Liberty Street
New York, NY 10005

KEELER-DORR-OLIVER BOILER
COMPANY
Wayne A. Marvel, Esq
Maron & Marvel
1201 N. Market St., #900
Wilmington, DE 19801

KILLARK
2112 Fenton Logistics Park Blvd.
Fenton, MO 63026

MINNESOTA MINING & MANUFACTURING
COMPANY, a/k/a 3M COMPANY
Corporation Service Company
801 Adlai Stevenson Drive
Springfield, IL 62703

MIDDENDORF ENTERPRISES, INC.
121 Valley Road
Ardmore, PA 19003

NOSROC CORP., Individually and as Successor
in Interest to G. & W.H. CORSON
CT Corporation System
600 North 2nd Street, Suite 401
Harrisburg, PA 17101

PROCESS WATER SYSTEMS, INC.,
Individually and as Successor in interest To U.S.
Filter/Permutit, Inc.
Corporation Trust Center
1209 Orange Street
New Castle, DE 19801

QUEEN CASUALS INC. as a Subsidiary of
INTERCO, INC.
Prentice-Hall Corporation System, Inc.
2595 Interstate Drive, Suite 103
Harrisburg, PA 17110

ROCKWELL AUTOMATION, INC.,
Individually and as Successor to ALLEN
BRADLEY
CT Corporation System
28 Liberty Street, 42nd Floor
New York, NY 10005

SIEMENS INDUSTRY, INC.
CT Corporation System
28 Liberty Street, 42nd Floor
New York, NY 10005

SCHNEIDER ELECTRIC USA, INC., formerly
known as SQUARE D COMPANY
Corporation System Company
80 State Street
Albany, NY 10118

UNION CARBIDE CORPORATION
CT Corporation System
28 Liberty Street, 42nd Floor
New York, NY 10005

WARREN PUMPS LLC
The Corporation Trust Company
1209 Orange Street
Wilmington, DE 19801

ZURN INDUSTRIES, INC.
CT Corporation System
28 Liberty Street, 42nd Floor
New York, NY 10005

## DEFENDANT FOSTER WHEELER ENERGY CORPORATION'S NOTICE OF REMOVAL

TO THE HONORABLE JUDGE OF THIS UNITED STATES DISTRICT COURT:

Pursuant to Title 28 U.S.C. §§ 1331, 1442(a)(1), and 1446, Defendant Foster Wheeler Energy Corporation ("Foster Wheeler"), by and through its undersigned attorney of record, hereby gives Notice of Removal of an action filed against them in the Court of Common Pleas of Philadelphia County, Pennsylvania. In support, Foster Wheeler respectfully offers the following:

### Preliminary Matters

1.     On or about March 28, 2022, plaintiffs Rita and Gerald Wright ("Plaintiffs") filed a lawsuit in the Court of Common Pleas of Philadelphia County, Pennsylvania, against Foster Wheeler and several other defendants. *See* Plaintiffs' Short Form Complaint, attached hereto as Exhibit A. Plaintiffs' allegations arise out of Rita Wright's development of mesothelioma resulting from her alleged exposure to various asbestos-containing products through her and her husband's employment.

2.     On May 2, 2022, Plaintiffs served upon Foster Wheeler Plaintiffs' Answers to Defendants' Master Interrogatories which provided further detail on Plaintiffs' employment history and Rita Wright's alleged asbestos exposure. *See* Plaintiffs' Answers to Defendants' Master Interrogatories, attached hereto as Exhibit B.

3.     Plaintiffs' Answers to Interrogatories include allegations that Rita Wright was exposed to asbestos from her husband Gerald Wright's work as an Electrician's Mate during his time in the United

States Navy from 1944 to 1946 at the Philadelphia Naval Shipyard and aboard the USS Billfish, USS Columbus, USS Cascade, and USS Wright.  *Id.* at ¶ 8.

4.      Specifically, Plaintiffs' Answers to Interrogatories state that Plaintiff believes she was exposed to asbestos from Foster Wheeler boilers and that Gerald Wright's work in the Navy "exposed Plaintiff to asbestos from insulation, cement, pumps, valves, boilers, firebrick, gaskets, packing, pipe covering, pipe insulation, electrical equipment, parts, and components."  *Id*.

5.      This Notice of Removal is timely in that it is filed within thirty (30) days of receipt of the Plaintiffs' Answers to Interrogatories, from which Foster Wheeler first ascertained that this case is removable.  28 U.S.C. § 1446(b).

## Nature Of The Case

6.      The case is based on Plaintiffs' allegations that Rita Wright's asbestos-related disease, specifically mesothelioma, was caused by her exposure to asbestos dust and/or fibers.

7.      Plaintiffs assert failure to warn claims, along with negligence and strict liability claims against Defendants based on various theories.

## Grounds For Removal

8.      Plaintiffs' claims stem, in part, from Rita Wright's alleged exposure to asbestos through her husband Gerald Wright's service in the Navy. Foster Wheeler manufactured boilers and associated equipment for use on Navy ships and at Navy installations pursuant to contracts and specifications executed by the Navy.  Foster Wheeler has confirmed that it manufactured the economizers onboard the USS Columbus and a steam generator and distilling unit aboard the USS Cascade.  Thus, the basis for this removal is that, in the manufacture and sale of such equipment for the Navy, including all aspects of warnings associated with that equipment, Foster Wheeler was acting under an officer or agency of the United States within the meaning of 28 U.S.C. § 1442(a)(1).  *See generally* Affidavit of J. Thomas Schroppe dated 12/18/2009 (hereinafter "Schroppe Aff."), attached hereto as Exhibit C.

9.      Should Plaintiff file a motion to remand this case, Foster Wheeler respectfully requests an opportunity to respond more fully in writing, but offers the following authorities at this time:

## Federal Officer Removal

10.     As recognized in a landmark decision by the United States District Court for the Eastern District of Pennsylvania (MDL-875) in *Hagen v. Benjamin Foster Co.*, 739 F.Supp.2d 770 (E.D. Pa. 2010), Foster Wheeler has a federal defense to this action. *See Hagen.* In examining virtually identical evidence submitted in the case at bar, Judge Eduardo C. Robreno found that the defendant, Foster Wheeler, raised a colorable defense to plaintiff's failure to warn claims, *i.e.,* government contractor immunity from liability for injuries arising from any exposure to asbestos related to boilers and auxiliary equipment aboard Navy vessels, insofar as they were designed and manufactured by Foster Wheeler according to strict Navy specifications. Removal pursuant to 28 U.S.C. § 1442(a)(1) is appropriate where the moving party can (1) demonstrate that it acted under the direction of a federal officer, (2) raise a colorable federal defense to plaintiffs' claims, and (3) demonstrate a causal nexus between plaintiff's claims and acts it performed under color of federal office. *Mesa v. California*, 489 U.S. 121, 124-25, 129-31, 134-35 (1989).

11.     In reaching his conclusion, Judge Robreno discussed in detail the three elements necessary for removal under this statute. First, a defendant must demonstrate that it is a "person" within the meaning of the statute. *Hagen,* at 776. The definition of a "person" includes a corporation. *Id.* Second, defendants must raise a colorable claim to a federal law defense. *Id.* As previously stated, a colorable claim to a federal defense can be predicated upon the federal government contractor defense. *Id.* Third, the defendant must establish that the suit is for any act under color of federal office, *i.e.*, there is a causal connection between the charged conduct and asserted official authority. *Id.* Causation exists

if the predicate acts of the state court suit were undertaken while the person was acting as or under a federal officer, and the acts were under color of the relevant federal office. *Id.*

12.     The second and third elements require a substantial degree of federal control over defendant's work and a causal nexus between the defendant's actions under the federal officer and plaintiff's state court claims. *Hagen*, at 776.   Although set forth in the statute as two separate requirements, Judge Robreno recognized that the evidentiary similarities between the "acting under" and "causal nexus" prongs have often prompted courts to collapse them into one single requirement.  *Id.* at 784 (citing *Good v. Armstrong World Indus., Inc.*, 914 F.Supp. 1125, 1128 (E.D. Pa 1996) ("The 'acting under' language in the statute forces [the defendant] to show a causal nexus between the plaintiff's claims and the conduct taken pursuant to direction from a federal officer.")).

13.     What constitutes sufficient federal control is often central to a court's decision to uphold removal or remand a case.  Like the *Hagen* court, federal courts across the country, including the Third Circuit, have upheld removal because defendants were sued as a result of designing and manufacturing products pursuant to detailed and strict government specifications. *See Papp v. Fore-Kast Sales Co., Inc.*, 842 F.3d 805, 815 (3d Cir. 2016) (reversing lower court's grant of remand and finding government contractor defense "colorable," meaning that the defense was legitimate and could reasonably be asserted, given the facts presented and the current law); *Sawyer v. Foster Wheeler LLC*, 860 F.3d 249 (4th Cir. 2017) (reversing lower court's grant of remand and finding Foster Wheeler satisfied federal officer removal statutory requirements); *Ripley v. Foster Wheeler LLC*, 841 F.3d 207 (4th Cir. 2017) (reversing lower court's grant of remand and ruling Foster Wheeler's evidence established colorable government contract defense to plaintiff's failure to warn claims); *Cuomo v. Crane Co.,* 771 F.3d 113 (2d Cir. 2014) (Crane Co. provided sufficient evidence that easily cleared the low threshold for asserting a federal contractor defense); *Zeringue v. Crane Co.,* 846 F.3d 785, 789-90 (5th Cir. 2017) (section

§1442(a)(1) is a "pure jurisdictional statute" that permits a federal defense "to serve as the federal question that endues the court with jurisdiction"); *Leite v. Crane Co.,* 749 F.3d 1117 (9th Cir. 2014) (plaintiff's failure to warn claims and defendant's government contractor defense is one for the federal and not state court to decide); *Ruppel v. CBS Corporation,* 701 F.3d 1176 (7th Cir. 2012) (reversing lower court decision to remand and finding removal proper where Westinghouse established through affidavits that it had a colorable government contractor defense to plaintiff's claims).

14.     The predominant view holds that "a colorable federal defense need only be plausible." *Bennett v. MIS Corp.*, 607 F.3d 1076, 1089 (6th Cir.2010); *see also* Ruppel, 701 F.3d at 1182.   In the context of a "failure to warn" case, the defendant need not show that the government expressly barred or broadly preempted the inclusion of asbestos warnings on its products.   *See Kerstetter v. Pacific Scientific Co.,* 210 F.3d 431, 438 (5th Cir.), *cert. denied*, 531 U.S. 919 (2000) (government contractor defense is available in "failure to warn" claims where the evidence shows that the lack of a warning reflects governmental direction or control rather than the unfettered discretion of the product's manufacturer, and applies wherever: 1) the government approved or authorized the warnings which the plaintiff contends were inadequate or incomplete; 2) the warnings provided by the manufacturer conformed to the warnings as approved or authorized by the government; and 3) the manufacturer warned the government as to any product hazards known by the manufacturer but unknown by the government. *Kerstetter,* 210 F.3d at 438).

15.     As stressed in *Kerstetter*, "[t]he government need not prepare the specifications to be considered to have approved them." *Id.* at 435. The only material issue is whether the manufacturer's designs and specifications were subjected to "substantial review" rather than a mere "rubber stamp" approval. *Id.* While this determination is necessarily fact specific, "substantial review" has plainly been shown upon evidence of a "'continuous back and forth' between the contractor and the government." *Id.*

In this regard, "[t]he specifications need not address the specific defect alleged; the government need only evaluate the design feature in question." *Id.* Once again, applying these general principles to "failure to warn" claims, the fact that governmental specifications or regulations did not specifically preclude the exact warning desired by the plaintiff does not take a "failure to warn" claim outside the scope of the government contractor defense so long as the government was involved generally as to the issue of product warnings (or specifically approved the warnings provided by the contractor) and was generally aware of the hazard in question. *Id.* at 438. Stated another way, "[i]nadequacy [of a warning] is not an issue when it is the government's warning in the first place." *Id.* at 438.

16.     The present case is substantially similar, if not identical, to *Kerstetter* and *Hagen*, *supra*. As explained by J. Thomas Schroppe, Foster Wheeler's manufacture of boilers and associated equipment for the Navy was subject to close supervision, control, and inspection by the Navy personnel:

> 5.     The Navy was responsible for all phases of the design of a vessel, which was accomplished by the Naval architect. Specifically, the Naval architect would prepare the ship design which involved the entire vessel, including the machinery space, and all performance requirements. In general, the ship design for any given class of ship would be contained in a Ship Specification ("Ship Spec") which covers all aspects of the vessel including the machinery space. As it relates to the boiler, the Ship Spec would cover all boiler operating criteria, performance requirements, and maximum physical dimension of the boiler(s). In general, the Ship Spec was written and prepared by the naval architect and approved by the Navy and, in the course of its projects with the Navy, Foster Wheeler was required to design, fabricate and furnish equipment which complied strictly with the requirements in the Ship Spec.
>
> 6.     In addition to the Ship Spec, Foster Wheeler was also obligated to comply with Military Specifications ("Mil Specs") which cover all specific components of the boiler, including accessories, subcomponents, and materials required to fabricate the boilers and its components.
>
>          . . . .

21.     In addition to the above design, manufacture and testing there remains an obligation by Foster Wheeler to provide technical manuals for the boilers and economizers furnished in a given Navy contract. The Navy exercised intense direction and control over all written documentation to be delivered with its naval boilers such as engineering drawings, test reports and other technical data that could be used as needed by shipboard engineering officer during the life of the equipment. The Navy required that every piece of equipment be supplied with a defined number of copies of one or more technical manuals. Navy personnel participated intimately in the preparation of this kind of information and exercised specific direction and control over its contents. These manuals included safety information related to the operation of naval boilers and economizers only to the extent

directed by the Navy.

22.     Furthermore, the Navy had precise specifications, practices and procedures that governed the content of any communication affixed to machinery supplied by Foster Wheeler to the Navy. Foster Wheeler would not be permitted, under the specifications, associated regulations and procedures, and especially under actual practice as it evolved in the field, to affix any type of warning or caution statement to a piece of equipment intended for installation onto a Navy vessel, beyond those required by the Navy.

*See* Ex. C, Schroppe Aff., at ¶¶ 5-22.

17.     There was no information concerning any asbestos hazard or danger posed by any asbestos-containing product applied to any machinery on a Navy ship known by Foster Wheeler that was not known to the United States and the Navy.

18.     Nowhere is it required that a Defendant produce physical contracts to prove the government's extensive direction and control over product specifications to satisfy the requirements of § 1442(a)(1). To promote judicial efficiency and consistency, the central purpose behind MDL-875, this Court should defer to the decision made by the MDL court in *Hagen*, and uphold removal.

19.     A properly removed case cannot be remanded for discretionary or policy reasons such as allegedly related state court cases or a contention that judicial economy compels remand. 28 U.S.C. § 1447(c); *Thermitron Products, Inc. v. Hermansdorfer*, 423 U.S. 336 (1976). The federal officer removal statute is not narrow or limited, and it should not be frustrated by a narrow or grudging interpretation of § 1442(a)(1). *Willingham v. Morgan*, 395 U.S. 402, 405 (1960); *see also Arizona v. Manypenny*, 451 U.S. 232, 242 (1981) ("right of removal is absolute for conduct performed under color

of federal office"); *Kolibash v. Comm. on Legal Ethics*, 872 F.2d 571, 576 (4th Cir.1989) ("right of removal conferred by § 1442(a)(1) is to be broadly construed."). The removing defendant "need not win his case before he can have it removed" nor even establish that the defense is "clearly sustainable". *See Ripley*, 841 F.3d at 210 (citing *Willingham*, 395 U.S. at 407).

20.     Foster Wheeler is not required to notify and obtain the consent of any other defendant in this action in order to remove Plaintiffs' action as a whole under § 1442(a)(1). *See Torres v. CBS News*, 854 F.Supp. 245 (S.D.N.Y. 1994)

21.     As required by 28 U.S.C. § 1446(b) and the local rules of this Court, true and correct copies of the process and pleadings served upon defendant are being filed with this Notice of Removal.

WHEREFORE, Defendant Foster Wheeler Energy Corporation removes this action pursuant to 28 U.S.C. §1442(a) and in conformance with the requirements set forth in 28 U.S.C. § 1446.

> Respectfully submitted,
>
> s/ Susan M. Valinis
> REILLY, McDEVITT & HENRICH, P.C.
> The Widener Building
> One South Penn Square, Suite 410
> Philadelphia, PA 19107
> Tel. (215) 972-5200; F: (215) 972-0405
> *Counsel for Defendant Foster Wheeler Energy Corporation*

Dated: June 1, 2022

cc:  All Known Counsel (via ECF and/or Email)